# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

WHITNEY SHEPARD,          )
                                )
                 Plaintiff,     )
                                )
v.                             )          Case No. 25-cv-2254-DDC-TJJ
                                )
                                )
ELLIOT ELLINGER, et al.,     )
                                )
               Defendants.   )

## ORDER GRANTING MOTION TO AMEND PETITION AND REPORT AND RECOMMENDATION FOR REMAND TO THE DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS

### NOTICE

Within fourteen (14) days after being served with a copy of this report and recommendation, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2), the parties may file a written objection to this report and recommendation. A party must file any objections within the fourteen-day period if that party wants to have appellate review of the proposed findings of fact, conclusions of law, or recommended disposition. If no objections are timely filed, no appellate review will be allowed by any court.

### ORDER AND REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Motion for Leave to Amend Petition (ECF No. 29). After careful consideration of the parties' arguments and for the reasons set forth below, the Court, grants Plaintiff's Motion for Leave to Amend Petition, and pursuant to 28 U.S.C. §

636(b)(1)(B) recommends[1] the case be REMANDED to District Court of Wyandotte County, Kansas.

## I.     Background

Plaintiff commenced this action on April 10, 2025 in the District Court of Wyandotte County, Kansas.  This action arises from a multi-vehicle accident that occurred on or about October 19, 2023.  Plaintiff claims she was driving southbound on Interstate 635 in Kansas City, Kansas when Defendant Ellinger rear ended another vehicle, which rear ended a third vehicle, which rear ended Plaintiff's vehicle.

The action was subsequently removed to this District on May 9, 2025.  Defendant removed this matter pursuant to 28 U.S.C. § 1332, asserting diversity of citizenship and an amount in controversy in excess of $75,000.  Subsequently, Plaintiff filed the present Motion to Amend to add six new defendants: J&M Trucking, LLC D/B/A J&M Trucking of Colorado, LLC ("J&M Trucking"), Rush Truck Leasing, Inc. D/B/A Rush Truck Leasing—Kansas City Idealease ("Rush Truck Leasing"), Idealease, Inc. and Border International Truck and Trailer Sales of El Paso, LLC d/b/a Idealease of El Paso ("Idealease of El Paso"), EMCASCO Insurance Company, David Melgren ("Melgren"), and Denis Sarmiento ("Sarmiento").  According to Plaintiff's proposed Amended Complaint, Proposed Defendants Melgren and Sarmiento are alleged to be the drivers of the second and third vehicles in the chain that rear ended Plaintiff.  Both Sarmiento and Plaintiff

---

[1] As explained herein, the Court grants Plaintiff's request to amend her complaint to add a non-diverse defendant.  Because the addition of a non-diverse defendant nullifies federal jurisdiction over this case, the Court believes the case should be remanded to state court.  Because ordering remand of a case is dispositive, the undersigned must issue a report and recommendation to the District Judge.  *See* 28 U.S.C. § 636(b)(1)(B); D. Kan. R. 72.1.1.

are citizens of Kansas, therefore if the proposed amendment is granted and Sarmiento is added as a defendant, this Court's diversity jurisdiction will be destroyed.

## II.     Parties' Contentions

Defendants Pikes Peak Moving and Storage, Premier Moving Services LLC, and Employer Mutual Casualty Company ("Moving Defendants") and Defendant Ellinger do not object to the addition of the additional corporate defendants.  The Moving Defendants and Defendant Ellinger only object to the addition of Melgren and Sarmiento to the action.  Moving Defendants and Ellinger argue the requested amendment to add Melgren and Sarmiento to this action would be futile because Plaintiff cannot plead a valid negligence claim against these actors.  And, particularly as to the addition of Sarmiento, a Kansas citizen, they contend he is only being joined to strip this Court of jurisdiction.

Plaintiff argues her claims against Melgren and Sarmiento are not futile, as Plaintiff believes Melgren and Sarmiento are potentially liable and their fault should be compared in this case.  Plaintiff also states that she served serval requests for admission ("RFA") on Defendants, requesting Defendants admit that Melgren and Sarmiento were not at fault, or were less than 50% at fault for the collision.  But, in their respective responses, Defendants objected to the request on the basis that fault is for the jury to determine based upon facts that will be developed during the discovery process.[2]  Further, Plaintiff argues that Defendants have not met their burden in showing that the joinder of Sarmiento is fraudulent or only being done to strip the Court of jurisdiction. Instead, Plaintiff argues that based on Defendants' responses to Plaintiff's RFAs, Sarmiento's fault

---

[2] *See* ECF Nos. 29-3, 29-4, 29-5, and 29-6.

may be compared to Plaintiff's by the jury.  Plaintiff states that "[s]he cannot run the risk of allowing Defendant[s] to cast blame on the two drivers without them being joined in the case."[3]

### III.    Legal Standards

#### a.    Futility

Federal Rule of Civil Procedure 15(a) governs the amendment of pleadings before trial.  It provides that the parties may amend a pleading "once as a matter of course" before trial if they do so within: (A) 21 days after serving the pleading, or (B) "if the pleading is one to which a responsive pleading is required," 21 days after service of the responsive pleading or a motion under Fed. R. Civ. P. 12(b), (e), or (f), whichever is earlier.[4]  Other amendments are allowed "only with the opposing party's written consent or the court's leave."[5]  Rule 15(a)(2) also instructs that the court "should freely give leave when justice so requires."[6]  The court's decision to grant leave to amend a complaint, after the permissive period, is within the trial court's discretion and will not be disturbed absent an abuse of that discretion.[7]  The court may deny leave to amend upon a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc."[8]

---

[3] Pl.'s Reply to Defs.' Suggestions in Opposition, ECF No. 36, p. 4.

[4] Fed. R. Civ. P. 15(a)(1).

[5] Fed. R. Civ. P. 15(a)(2).

[6] *Id*.; *accord Foman v. Davis*, 371 U.S. 178, 182 (1962).

[7] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006).

[8] *Id*. (quoting *Foman*, 371 U.S. at 182).

If a proposed amendment would not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), or fails to state a claim upon which relief may be granted, the court may deny leave to amend.[9] "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[10]   A complaint or amendment thereof need only make a statement of the claim and provide some factual support to withstand dismissal.[11]   It does not matter how likely or unlikely the party is to actually receive such relief, because for the purposes of dismissal all allegations are considered to be true.[12]   The party opposing the amendment has the burden of showing the proposed amendment would be futile.[13]   Further, "[t]he Tenth Circuit has recognized that Rule 15 is intended to provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties."[14]

Because Plaintiff is not entitled to amend as a matter of right at this point in the case, and because Defendants oppose the requested amendment regarding Melgren and Sarmiento, leave of Court is required.  The Court applies the above rules and standards in the analysis which follows.

---

[9] *Mochama v. Butler Cnty., KS,* No. 14-2121-KHV-TJJ, 2014 WL 3767685, at *1 (D. Kan. July 31, 2014) (citing *Fulton v. Advantage Sales & Mktg., LLC*, No. 3:11-CV-01050-MO, 2012 WL 5182805, at *2 (D. Or. Oct. 18, 2012)).

[10] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 at 570 (2007)).

[11] *Twombly*, 550 U.S. at 555.

[12] *Id.* at 556.

[13] *Layne Christensen Co. v. Bro-Tech Corp.*, No. 09-CV-2381-JWL-GLR, 2011 WL 3847076, at *5 (D. Kan. Aug. 29, 2011).

[14] *Lynch v. Andersons Executive Servs., LLC*, No. 25-2148-KHV-BGS, 2025 WL 2336455, at *4 (D. Kan. Aug. 13, 2025) (quoting *Carefusion 213, LLC v. Professional Disposables, Inc.*, No. 09-2616-KHV-DJW, 2010 WL 4004874, at *4 (D. Kan. Oct. 12, 2010)).

### b.  Fraudulent Joinder

Only state court actions that could have been originally filed in federal court are removable.[15]  The Court is required to remand "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction."[16]  As the parties invoking the federal court's jurisdiction, Defendants carry the burden of demonstrating that the requirements for exercising jurisdiction are present.[17]  Subject matter jurisdiction based on diversity requires that no plaintiff be a resident of the same state as any defendant and that the amount in controversy exceed $75,000.[18]  "Removal jurisdiction over diversity cases is more limited than jurisdiction over diversity cases originally brought in federal court because removal based on diversity is available only if none of the defendants is a citizen of the state in which the action is brought."[19]

It has long been held that the right of removal cannot be defeated by the "fraudulent joinder of a resident defendant having no real connection with the controversy."[20]  Fraudulent joinder is a term of art; it does not reflect on the integrity of the parties or counsel, but "exists regardless of the plaintiff's motives when the circumstances do not offer any other justifiable reason for joining

---

[15] 28 U.S.C. § 1441(a).

[16] 28 U.S.C. § 1447(c).

[17] *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001).

[18] 28 U.S.C. § 1332(a).

[19] *Wolf Creek Nuclear Operating Corp. v. Framotome ANP, Inc.*, 416 F. Supp. 2d 1081, 1085 (D. Kan. 2006).

[20] *Cooper v. Zimmer Holdings, Inc.*, 320 F. Supp. 1154, 1156–57 (D. Kan. 2004).

the defendant."[21]  Defendants bear the burden of proving fraudulent joinder.  Defendants carry a

heavy burden, as explained by the Tenth Circuit:

> To prove their allegation of fraudulent joinder [the removing parties] must
> demonstrate that there is no possibility that [plaintiff] would be able to establish a
> cause of action against [the joined party] in state court. In evaluating fraudulent
> joinder claims, we must initially resolve all disputed questions of fact and all
> ambiguities in the controlling law in favor of the non-removing party. We are then
> to determine whether that party has any possibility of recovery against the party
> whose joinder is questioned.[22]

The standard for showing fraudulent joinder is more exacting than that for dismissing a claim

under Fed. R. Civ. P. 12(b)(6).[23]  Therefore, remand is required if any one of the claims against

the proposed non-diverse defendant Sarmiento is possibly viable.[24]  In making this determination,

"federal courts may look beyond the pleadings to determine if the joinder, although fair on its face,

is a sham or fraudulent device to prevent removal."[25]

## IV.    Analysis

### a.   Plaintiff's Proposed Amendment as to Melgren and Sarmiento Would Not Be Futile

Defendants argue the proposed amendment would be futile as to Melgren and Sarmiento

because it fails to state a claim upon which relief may be granted against them.  To state a

---

[21] *Wolf Creek Nuclear Operating Corp.*, 416 F. Supp. 2d at 1085.

[22] *Montano v. Allstate Indemnity*, 211 F.3d 1278, at *3 (10th Cir. 2000) (quoting *Hart v. Bayer Corp.*, 199 F.3d 239, 246 (10th Cir. 2000)) (alterations in original).

[23] *Loeffelbein v. Milberg Weiss Bershad Hynes & Lerach, LLP*, No. CIV.A. 02-2435-CM, 2003 WL 21313957, at *5 (D. Kan. May 23, 2003).

[24] *See Montano*, 211 F.3d 1278, at *2.

[25] *Meyer v. State Auto. Mut. Ins. Co.*, No. 23-2357-DDC-GEB, 2023 WL 6961981, at *2 (D. Kan. Oct. 20, 2023) (quoting *Smoot v. Chi., R.I. & P.R. Co.*, 378 F.2d 879, 881–82 (10th Cir. 1967)).

negligence claim under Kansas law, Plaintiff must allege there was (1) a legal duty owed by the defendant to plaintiff; (2) a breach of that legal duty; (3) the breach of that legal duty was the proximate cause of the plaintiff's injury; and (4) the plaintiff sustained damages.[26]  Under Kansas law, a driver has a legal duty to not "follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the condition of the highway."[27]

Defendants state Melgren and Sarmiento were stuck in traffic, and the force of the rear-end by Ellinger propelled each of them into the rear of the vehicle in front of them, ending the four-car pileup with Plaintiff's vehicle. Therefore, Defendants argue, Melgren and Sarmiento's involvement in the accident was "unavoidable," and an unavoidable accident is an occurrence not proximately caused by the negligence of any person.  Defendants point the Court to the police report made immediately after the accident.  The police report states: "V1 [Defendant Ellinger], V2 [Melgren], V3 [Sarmiento] and V4 [Plaintiff] were southbound on I-635 in lane 3.  Everyone except V1 slowed for traffic.  V1 struck the rear bumper of V2.  V2 struck V3.  V3 struck the rear of V4."[28]  Defendants contend there is no plausible evidence "that would establish that either Melgren or Sarmiento were 'following at an unreasonably close distance' or doing anything other than being stopped in traffic waiting for the vehicles in front of them to proceed forward" at the

---

[26] *Adams v. Bd of Sedgwick Cnty. Com'rs*, 214 P.3d 1173, 1179 (Kan. 2009).

[27] K.S.A. § 8-1523(a).

[28] Def. Elliot Ellinger's Response and Partial Objection to Plaintiff's Motion for Leave to Amend Plaintiff's Compl., Ex. 1, ECF No. 32-1.

time of the accident.[29]  Defendants conclude that because there is no causation, there is no negligence on behalf of Melgren and Sarmiento, and amending the Complaint to add them to this action would be futile.

Plaintiff's proposed amended complaint alleges that Melgren and Sarmiento were negligent in failing to allow a reasonable distance between them and the vehicle in front of them and in failing to keep a careful lookout.[30]  Plaintiff states, and Defendants do not contest, that since the accident Ellinger has maintained to the police, his insurance company, and throughout discovery that he was only travelling five to ten miles per hour at the time of the collision.  From that, a four-car chain collision resulting in Plaintiff's vehicle being totaled occurred.  Plaintiff argues if a jury believes Ellinger was travelling five to ten miles per hour, but the resulting pile up and damage to Plaintiff's car was disproportionately severe, then it logically follows Melgren and/or Sarmiento may have breached their duty to not follow another vehicle too closely, and the jury may find they are at least some percentage at fault for Plaintiff's damages.

The Court agrees and finds Plaintiff has made a prima facie case of negligence as to Melgren and Sarmiento, which may be further supported or rebutted by discovery in the case.  Here, at the motion to amend stage, the Court does not find Defendants have shown no facts exist in support of Plaintiff's proposed claims against Melgren and/or Sarmiento which would entitle Plaintiff to relief.  Simply put, amending the Complaint to add Melgren and Sarmiento would not be futile.  Further, Kansas courts have routinely found that whether a causal connection exists

---

[29] Def. Elliot Ellinger's Response and Partial Objection to Plaintiff's Motion for Leave to Amend Plaintiff's Compl., ECF No. 32, at 3.  Actually, the quoted language *supra* from the police report states Melgren and Sarmiento had "slowed for traffic," not that they were stopped.

[30] ECF No. 29-2, at ¶¶ 35 and 37.

between a breached duty and the plaintiff's injuries is a question of fact.[31]   And, ordinarily, causation, like negligence, is determined by the jury.[32]

Throughout the briefing, Defendants also argue Plaintiff provides no evidence regarding Melgren and Sarmiento's speed, following distance, traffic, or road conditions for their fault to be compared under K.S.A. § 8-1523 and PIK 121.24.   However, at this motion to amend stage, Plaintiff does not have to present such evidence.   "In the context of stating a plausible claim for relief, plaintiff must put defendant on notice of [Plaintiff's] claims, not plead all of [Plaintiff's] evidence."[33]

Further, though Defendants argue Melgren and Sarmiento's role in the collision with Plaintiff's vehicle was a part of an "unavoidable accident," the Court finds that is a determination to be made by the factfinder, rather than as a basis to bar Plaintiff from filing an amended complaint.   Kansas law defines an unavoidable accident as an occurrence not proximately caused by the negligence of any person, but rather by some "unforeseen and unavoidable event over which neither party had control."[34]   "This in motor vehicle cases must ordinarily mean, at least, a misadventure occurring without negligence of the plaintiff or the defendant, or the driver of the vehicle of either."[35]   Thus, Kansas courts have found that an unavoidable accident instruction should not be given "unless from the evidence the jury could reasonably conclude there was neither

---

[31] *Montgomery v. Saleh*, 466 P.3d 902, 911 (Kan. 2020).

[32] *Lay v. State, Dep't of Transp.*, 928 P.2d 920, 924 (Kan. Ct. App. 1996).

[33] *Dawson v. Home Depot*, No. 20-cv-4085-KHV, 2021 WL 3784377, at *5 (citing Fed. R. Civ. P. 8(a)).

[34] *Kreh v. Trinkle*, 343 P.2d 213, 219 (Kan. 1959).

[35] *Id.*

negligence nor contributory negligence . . . ."[36]    Accordingly, Kansas courts have construed a defense based upon a claim of an unavoidable accident as merely a denial of negligence.[37]  Melgren and Sarmiento may assert this defense when they are made parties to the case, if appropriate.

Allowing Melgren and Sarmiento to be joined as parties aligns with Defendants' own discovery responses.  Plaintiff served RFAs on Defendants requesting they admit Melgren and Sarmiento were zero or less than fifty percent at fault for the collision.  Defendants did not respond to the request for admission but instead stated that the issue of fault is for the jury to determine based upon the facts developed through the discovery process.  Undoubtedly, discovery is needed to flesh out the facts in this case that may weigh into the comparative fault determination.  Permitting the amendment to add Melgren and Sarmiento to this action will allow discovery into issues of fault and will allow the fact finder to adequately compare the fault of all drivers involved in the accident. [38]

### b.  Plaintiff's Proposed Joinder of Sarmiento Is Not Fraudulent

Because Sarmiento is a Kansas resident, Defendants argue Plaintiff's proposed amendment to add him to this action is only for the purpose of destroying this Court's diversity jurisdiction.  Again, to prove the proposed joinder is fraudulent, or only being made to strip the federal court of

---

[36] *Id.* at 221.

[37] *Kline v. Emmele*, 465 P.2d 970, 972 (Kan. 1970).

[38] The Court notes that joinder of parties is generally governed by Federal Rules of Civil Procedure 19 and 20.  No party addresses whether Melgren and Sarmiento are necessary or permissively joined parties under Rules 19 or 20.  Due to the parties' failure to brief the issue of whether joinder is proper under Fed. R. Civ. P. 19, the Court declines to make such a determination.  However, joinder is clearly permissive under Fed. R. Civ. P. 20, as the claims against defendants (1) arise out of the same transaction or occurrence; and (2) there is common questions of law and fact to all defendants.  Therefore, the Court may properly join Melgren and Sarmiento as defendants under Rule 20.  *See Wayman v. Accor N. Am., Inc.*, 486 F. Supp. 2d 1280, 1285 (D. Kan. 2007).

diversity, the removing parties must demonstrate that there is *no* possibility Plaintiff would be able to establish a cause of action against the joined party in state court.[39]  As discussed above, the Court has determined that Plaintiff's proposed amendment makes a prima facie case of negligence against Sarmiento under Kansas state law, so there *is* a possibility that Plaintiff would be able to establish a cause of action against him in state court.  Therefore, the Court finds that Plaintiff's joinder of Sarmiento is not fraudulent.

In looking beyond the pleadings, Defendants raise questions of Plaintiff's timing and motivations as to naming Sarmiento as a party at this point in the proceedings, questioning why Sarmiento was not named as a party while the case was pending in state court, or prior to this point in the proceedings.  However, Defendants own recent discovery responses show they have refused to admit that Sarmiento was not at fault in the accident, and they claim his fault should be determined by the jury.  These discovery responses—and Defendants' position in this litigation—appear not to have been made clear to Plaintiff until Defendants' responses were served on August 15 and 18, 2025.  Plaintiff's motion was filed on September 17, 2025, approximately 30-days later.  The Court does not find anything suspect in Plaintiff's timing of moving to amend to add Sarmiento to this action.

## V.    Conclusion

Plaintiff's Motion for Leave to Amend Petition (ECF No. 29) seeks to join six new defendants: J&M Trucking, Rush Truck Leasing, Idealease of El Paso, EMCASCO Insurance Company, Melgren and Sarmiento.  The Court finds Plaintiff's request to add these Defendants, particularly Defendants Melgren and Sarmiento, would not be futile and is not fraudulent, therefore

---

[39] *Montano*, at *3 (10th Cir. 2000) (quoting *Hart*, 199 F.3d at 246).

the motion (ECF No. 29) will be granted.  However, because joinder of Sarmiento, a Kansas resident, defeats diversity jurisdiction under § 1332, the undersigned recommends the case be remanded to state court.

       **IT IS THEREFORE ORDERED** that Plaintiff's Motion for Leave to Amend Petition (ECF No. 29) by GRANTED, and Plaintiff is ordered to file the proposed Amended Petition by October 20, 2025.

       **IT IS THEREFORE RECOMMENDED** that pursuant to 28 U.S.C. §1447(3), the case be REMANDED to the District Court of Wyandotte County, Kansas after the First Amended Complaint is filed.

       **IT IS SO ORDERED.**

       Dated October 14, 2025, at Kansas City, Kansas.


_____
Teresa J. James
U. S. Magistrate Judge